EXHIBIT A

**KRUMHOLZ DILLON, PA**
Attorneys at Law
574 Summit Avenue, Suite 402
Jersey City, NJ 07306
(201) 656-5232
(201) 656-7270 (Fax)

---

| | |
|---|---|
| JANE EISENBERG, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff | COUNTY OF MONMOUTH |
| | LAW DIVISION |
| vs. | |
| | DOCKET NO.: MON L-1930 09 |
| THE BOARD OF EDUCATION OF RABBI PESACH RAYMON YESHIVA, RABBI PESACH GROSS, INDIVIDUALLY AND NACHUM SORKIN, INDIVIDUALLY | CIVIL ACTION |
| Defendants | |

---

### SUMMONS

From the State of New Jersey
To the Defendants named above:

THE BOARD OF EDUCATION OF RABBI PESACH RAYMON YESHIVA

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: April 28, 2009.

THEODORE J. FETTER
SUPERIOR COURT CLERK

NAME OF DEFENDANT TO BE SERVED:
THE BOARD OF EDUCATION OF RABBI RESACH RAYMON YESHIVA

Address of the Defendant to be served:
2 Harrison Street
Edison, NJ 08817

\* $105.00 For Chancery Division Cases or
  $110.00 For Law Division Cases

KRUMHOLZ DILLON, PA
574 Summit Avenue, Suite 402
Jersey City, NJ 07306
(201) 656-5232
Attorneys for Plaintiff



JANE EISENBERG,

    Plaintiff

vs.

BOARD OF EDUCATION OF RABBI
PESACH RAYMON YESHIVA,
RABBI PESACH GROSS,
individually and NACHUM
SORKIN, individually

    Defendant

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
COUNTY OF MONMOUTH

DOCKET NO.: L-1930-09

CIVIL ACTION

## COMPLAINT

Plaintiff, Jane Eisenberg, residing at 10 Redwood Drive, Marlboro, NJ 07746, complaining of the Defendant, says that:

### FIRST COUNT

1. That the plaintiff, Jane Eisenberg, was employed by the defendant Board of Education of Rabbit Pesach Raymon Yeshiva, as a Language Arts Teacher and had been employed by the defendant for a period of time since September 1, 2003, and performed services in accordance with the expectations of her employer and was paid wages in accordance therewith. Plaintiff worked on yearly contracts. Her performance was always deemed above average and commended by her supervisors.

2. That on or about February 25, 2007, plaintiff became temporarily disabled after requiring emergency surgery to remove portions of her colon and obtained medical treatment for said condition.

3. That plaintiff advised her employer, Rabbi Pesach Gross that she would be continuing to obtain medical treatment for her medical condition until she obtained a release from her

doctor to return to work.

4. That plaintiff was released by her doctor to return to work on or about July 30, 2007 allowing her to return to her employment at the beginning of the new school year in August/September 2007, without restrictions.

5. That on or about April 20, 2007, plaintiff received a telephone call from Nachum Sorkin of the school advising her that her services were no longer needed and that her contract would not be renewed for the upcoming school year beginning in August/September 2007/2008, budgetary issues were alleged.

6. That plaintiff's absences from work as described above qualified her for leave under the Federal Family and Medical Leave Act, 29 U.S.C. 2601, et seq, said leave never being offered to her.

7. That the defendant did fail to inform plaintiff of her rights for family leave under the aforesaid law.

8. That the actions of the defendants in terminating the plaintiff's employment was pretextual and violated the plaintiff's rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*.

9. The said defendant's failed to accommodate and/or attempt to accommodate and/or even investigate how to feasibly accommodate the disability of plaintiff or the perceived disability of plaintiff.

10. By knowingly aiding, abetting, accommodating or encouraging the Yeshiva's refusal to renew Plaintiff's Employment Agreement for the 2007-2008 term on the basis of Plaintiff's actual and perceived disability, and by providing substantial assistance or encouragement to that refusal, Sorkin and Gross acted in violation of N.J.S.A. 10:5-12e.

11. As a result of the actions of the defendant(s) as aforesaid, plaintiff was caused to sustain loss of employment and income and was caused to sustain emotional and psychological distress and harm, embarrassment, and a continuous and permanent interference with the prospect of future economic advantage and with the ability to obtain future employment.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages and equitable relief on the Count of the Complaint, against any or all of the said defendants, together with interest, attorney fees and costs of suit.

## SECOND COUNT

Plaintiff repeats the allegations of the previous Counts of the Complaint and incorporates same herein by reference and further says:

1. As a result of the actions taken by Defendants, Plaintiff has been discriminated against based upon her disability by Defendants' failure to hire Plaintiff as its language arts teacher and otherwise offering the language arts teaching position to others.
2. As a result of the actions taken by Defendants, Plaintiff has been discriminated against based upon Defendants' failure to hire Plaintiff to teach Social Studies given that a Social Studies teaching position was available.
3. Defendants have previously discriminated against other teachers by failing to renew their employment contracts based on their disabilities either real or perceived by defendant's. Defendants' policies and lack of appropriate policies and practices as described herein constitute a pattern or practice of discrimination.
4. Defendants' failure to renew Plaintiff's Employment Agreement for the 2007-2008 term was, jointly and severally, in retaliation of her disability and/or assertion of rights under the New Jersey Law Against Discrimination.
5. That the conduct of the defendants violated the plaintiff's rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq., as a form of disability discrimination.

6. As a result of the actions of the defendant(s) as aforesaid, plaintiff was caused to sustain a loss of employment and income and was cause to sustain emotional and psychological distress and harm, embarrassment, and a continuous and permanent interference with the prospect of future economic advantage and with the ability to obtain future employment.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages and equitable relief on the Count of the Complaint, against any or all of the said defendants, together with interest, attorney fees and costs of suit.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Michael J. Dillon is hereby designated as trial counsel for Plaintiff in the within matter.

### R.4:5-1 CERTIFICATION

Pursuant to R.4:5-1, it is hereby certified that, to the best of our knowledge and belief, the matter in controversy is not the subject of any other action pending in any other Court of a pending Arbitration proceeding. Also, to the best of our knowledge and belief, no other action Arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, at the present time we know of no other parties that should be joined in this action.

KRUMHOLZ DILLON, P.A.
Attorneys for Plaintiff

_____
MICHAEL J. DILLON