EPSTEIN BECKER & GREEN, P.C.  **Document Electronically Filed**
Attorneys for Defendants
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
(973) 642-1900

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JANE EISENBERG, | |
| Plaintiff, | |
| vs. | CIVIL ACTION NO. 09-CV-2691 (JAP) |
| BOARD OF EDUCATION OF RABBI PESACH RAYMON YESHIVA, RABBI PESACH GROSS, individually and NACHUM SORKIN, individually, | **ANSWER AND SEPARATE DEFENSES** |
| Defendants. | |

Defendants, Rabbi Pesach Raymon Yeshiva (improperly identified in the Complaint as "Board Of Education Of Rabbi Pesach Raymon Yeshiva," hereinafter referred to as "RPRY"), with offices located at 2 Harrison Street, Edison, New Jersey 08817, Rabbi Shraga Gross (improperly identified in the Complaint as "Rabbi Pesach Gross"), and Nachum Sorkin, by way of Answer to the Complaint, state:

**AS TO PREAMBLE**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the Introduction.

**I.   (AS TO) FIRST COUNT**

1.   Defendants deny that plaintiff was employed by Board of Education of Rabbi Pesach Raymon and deny that plaintiff was employed since September 1, 2003.  Defendants are

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1.

2.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.

3.   Defendants deny that plaintiff was employed by "Rabbi Pesach Gross." RPRY admits that plaintiff orally advised it that she would be obtaining medical treatment for a medical condition.

4.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

5.   Defendants admit in part and deny in part the allegations set forth in paragraph 5. Defendants admit that Nachum Sorkin advised plaintiff that she would not be offered a contract for the 2007-2008 school year. Defendants deny all remaining allegations set forth in paragraph 5.

6.   Inasmuch as Paragraph 6 sets forth legal conclusions and not factual allegations, Defendants make no response thereto. Defendants deny all remaining allegations set forth in Paragraph 6.

7.   Inasmuch as Paragraph 7 sets forth legal conclusions and not factual allegations, Defendants make no response thereto except to deny that plaintiff was not informed of her rights.

8.   Defendants deny the allegations set forth in Paragraph 8.

9.   Defendants deny the allegations set forth in Paragraph 9.

10.  Defendants deny the allegations set forth in Paragraph 10.

11.  Defendants deny the allegations set forth in Paragraph 11.

## II.     (AS TO) SECOND COUNT

Inasmuch as the Introduction to the Second Count sets forth no allegations against Defendants, Defendants make no response thereto.[1]

1. Defendants deny the allegations set forth in Paragraph 1.

2. Defendants deny the allegations set forth in Paragraph 2.

3. Defendants deny the allegations set forth in Paragraph 3.

4. Defendants deny the allegations set forth in Paragraph 4.

5. Defendants deny the allegations set forth in Paragraph 5.

6. Defendants deny the allegations set forth in Paragraph 6.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

All or part of plaintiff's claims are barred by the applicable Statute of Limitations.

### THIRD SEPARATE DEFENSE

The claims alleged in the Complaint are barred in whole or in part by the Doctrines of Unclean Hands, Waiver, Estoppel and Release.

### FOURTH SEPARATE DEFENSE

The Complaint is barred by the insufficiency of process and insufficiency of service of process.

---

[1] To be consistent with plaintiff's Complaint, Defendants' Answer refers to paragraphs 1 through 6 of plaintiff's Second Count.

**FIFTH SEPARATE DEFENSE**

Defendants employed plaintiff on an annual contract and, therefore, had no obligation to enter into a subsequent contract with plaintiff.

**SIXTH SEPARATE DEFENSE**

Plaintiff's claims under the FMLA are barred because plaintiff failed to provide adequate notice of leave.

**SEVENTH SEPARATE DEFENSE**

Plaintiff's claims under the FMLA are barred because plaintiff was not an eligible employee.

**EIGHTH SEPARATE DEFENSE**

All actions taken and decisions made by Defendants with respect to plaintiff were made in good faith for legitimate business reasons wholly unrelated to plaintiff's exercise of her rights under the FMLA, and were not for any retaliatory reason.

**NINTH SEPARATE DEFENSE**

Defendants relied on legitimate nondiscriminatory factors other than plaintiff's alleged disability in making any material decision respecting plaintiff's employment.

**TENTH SEPARATE DEFENSE**

Plaintiff's claim of disability discrimination is barred because plaintiff is not a qualified individual with a disability.

**ELEVENTH SEPARATE DEFENSE**

Plaintiff's claims under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., must be dismissed in whole or in part because Defendants exercised reasonable care to prevent and promptly address alleged discriminatory conduct in the workplace.

### TWELFTH SEPARATE DEFENSE

Plaintiff's claims are barred because defendants acted lawfully, in good faith and without malice or reckless indifference to plaintiff's protected rights.

### THIRTEENTH SEPARATE DEFENSE

Defendants are not liable in their individual capacities because they did not aid or abet any violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et. seq.

### FOURTEENTH SEPARATE DEFENSE

None of the alleged losses suffered by plaintiff were caused, either directly or indirectly, by any wrongful acts or omissions of Defendants.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims, if any, are barred due to its failure to mitigate its damages, if any.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims for damages are limited by the after-acquired evidence doctrine.

### SEVENTEENTH SEPARATE DEFENSE

To the extent plaintiff seeks damages for alleged physical or mental and emotional distress, said claims are barred by the exclusive remedy provisions of the New Jersey Workers' Compensation Act, *N.J.S.A.* 34:15-1 et seq.

### EIGHTEENTH SEPARATE DEFENSE

Any allegations or prayers for relief set forth in the Complaint that are not expressly admitted, denied, or otherwise responded to are hereby denied.

## NINETEENTH SEPARATE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by such additional separate defenses as may be raised subsequently by Defendants, based on continuing and ongoing investigation and future discovery.

**WHEREFORE**, having fully answered the allegations of the complaint herein, Defendants, Rabbi Pesach Raymon Yeshiva, Rabbi Shraga Gross, and Nachum Sorkin, demand judgment against the Plaintiff denying her any and all relief and awarding them their attorneys' fees and costs of suit incurred in the defense of this matter.

By:    *s/ Kerry M. Parker*
KERRY M. PARKER
EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
(973) 642-1900
Fax: (973) 642-0099

Dated: June 25, 2009

## CERTIFICATION UNDER L. CIV. R. 11.2

I certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative hearing.

EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants

By: *s/ Kerry M. Parker*
KERRY M. PARKER
A Member of the Firm

DATED: June 25, 2009